IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| BROWN & BROWN GROUP, INC., DIRECT LOGISTIC TRANSPORT, LLC, | § § § § | |
| Defendants. | § § | |

## COMPLAINT

Plaintiff, Constellation NewEnergy, Inc. ("Constellation"), by and through its undersigned counsel, files this Complaint against Defendants, Brown & Brown Group, Inc. ("Brown & Brown") and Direct Logistic Transport LLC ("Direct Logistic") (together, "Defendants").

## NATURE OF THE CASE

1.  This is a straightforward breach of contract matter where Defendants have failed to pay amounts due and owing to Constellation for goods and services Constellation provided under the parties' various written agreements. Accordingly, Constellation brings this suit to recover the amounts due, attorneys' fees, costs of court, and prejudgment and post-judgment interest.

## PARTIES

2.  Plaintiff, Constellation, is a Delaware corporation with its principal place of business at 1310 Point Street, Baltimore, Maryland 21231.

3.  Defendant, Brown & Brown, is a New York corporation with its principal place of business located at 341A East 76th Street, New York, New York 10021. Brown & Brown does not maintain a registered agent for service of process with the State of New York, but service of process may be effectuated by serving the New York Secretary of State, which shall promptly send copies

of the same to Brown & Brown at The Corporation, 341A East 76th Street, Box 132, Albany, New York, United States, 10021. Brown & Brown may also be served by serving Eric Brown, Brown & Brown's Chief Executive Officer, at 341A East 76th Street, New York, New York 10021, 4602 21st Street, #1646, Long Island, New York 11101, or wherever he may be found.

4.     Defendant, Direct Logistic, is a limited liability company with its principal place of business located at 4602 21st Street, #1646, Long Island, New York 11101. Direct Logistic does not maintain a registered agent for service of process with the State of New York, but service of process may be effectuated by serving the New York Secretary of State, which shall promptly send copies of the same to Direct Logistic at The LLC, 4602 21st Street, #1646, Long Island City, New York 11101. Direct Logistic may also be served by serving its manager, Eric Brown, at 4602 21st Street, #1646, Long Island, New York 11101, 341A East 76th Street, New York, New York 10021, or wherever he may be found.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between Constellation and the Defendants, and the amount in controversy exceeds $75,000.

6.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2). In addition, Defendants consented to jurisdiction and venue pursuant to section 8 of the General Terms and Conditions to their contracts with Constellation:

> This Contract will be governed by Maryland law without respect to its conflicts of law principles. The parties irrevocably submit to venue and exclusive jurisdiction of the courts located in Maryland. THE PARTIES IRREVOCABLY WAIVE THEIR RIGHT TO A TRIAL BY JURY IN ANY ACTION ARISING OUT OF THIS CONTRACT.

This Court may exercise pendent venue over all other claims related to this action in the interests

of judicial efficiency where venue is proper in Maryland for all other claims.

## FACTUAL BACKGROUND

### A. The Parties

7.      Constellation is a competitive energy company providing power, natural gas, renewable energy and energy management products and services for homes and businesses across the continental United States.

8.      Brown & Brown and Direct Logistic are former customers of Constellation.

### B. Contracts between Constellation and the Defendants

#### i. *Brown & Brown Contracts*

9.      On or around April 21, 2023, Constellation and Brown & Brown executed the Electricity Supply Agreement (the "ESA"). A true and correct copy of the ESA is attached hereto as **Exhibit 1**. Pursuant to the ESA, Brown & Brown agreed to purchase and receive, and Constellation agreed to sell and supply, all of Brown & Brown's electricity requirements for certain Brown & Brown's Facilities from approximately June 5, 2023, through December 19, 2028. A list of the dates and locations for service is contained in the ESA.

10.     In addition to agreeing to purchase electricity and related services from Constellation, Brown & Brown agreed to purchase, and have installed by a third-party contractor, energy efficiency equipment at two of its facilities. On or around April 19, 2023, Constellation and Brown & Brown executed the Customer Contract for EME Express Materials Program for Brown & Brown's facility located at 46-02 21st Street, STE 1646, Queens, NY 11101 (the "First EME Contract"). A true and correct copy of the First EME Contract is attached hereto as **Exhibit 2**. On or around July 19, 2023, Constellation and Brown & Brown executed another Customer Contract for EME Express Materials Program for its facility located at 834 Pacific STRE GRGE,

Brooklyn, NY 11238 (the "Second EME Contract"). A true and correct copy of the Second EME Contract is attached hereto as **Exhibit 3.** On or around August 10, 2023, Constellation and Brown & Brown executed a third Customer Contract for EME Express Materials Program, and the second contract for its facility located at 834 Pacific STRE GRGE, Brooklyn, NY 11238 (the "Third EME Contract") (together, the "EME Contracts"). A true and correct copy of the Third EME Contract is attached hereto as **Exhibit 4.**

11. Pursuant to the First EME Contract, Brown & Brown agreed to pay Constellation a total of $746,500.50 for the energy efficiency equipment in sixty monthly installments of $12,441.68. Under the Second EME Contract, Brown & Brown agreed to pay Constellation a total of $743,620.44 for the energy efficiency equipment in sixty monthly installments of $12,393.67. Under the Third EME Contract, Brown & Brown agreed to pay Constellation a total of $552,167.94 for the energy efficiency equipment in sixty monthly installments of $9,202.80.

12. In accordance with the terms of the EME Contracts, Brown & Brown hired Commonwealth Energy Group LLC ("Contractor") to supply and install the energy efficiency equipment at the Brown & Brown facilities. On April 19, 2023, July 19, 2023, and August 10, 2023, respectively, Brown & Brown and Contractor executed contracts for the purchase and installation of the energy efficiency equipment for each Brown & Brown facility referenced in the EME Contracts.

13. Upon completion of Contractor's work and installation of the energy efficiency equipment at Brown & Brown's facilities, Brown & Brown signed Acceptance Notice Forms, confirming Contractor's work and triggering Constellation to release its payment to Contractor and to invoice Brown & Brown for the same. Constellation paid Contractor a total of

$1,537,247.00 for the supply and installation of the energy efficiency equipment pursuant to the EME Contracts.

14. Constellation began invoicing Brown & Brown for the electricity and related services and the energy efficiency equipment sold and supplied to Brown & Brown pursuant to the ESA and the EME Contracts. Brown & Brown failed to pay all amounts due and owing, and invoiced, under the ESA and EME Contracts.

15. On June 21, 2024, Constellation sent Brown & Brown written notice that Constellation had terminated the ESA, reserving all rights that Constellation possesses under the ESA.

16. On November 8, 2024, Constellation (through its undersigned counsel) sent a demand letter to Brown & Brown for the outstanding amount due under the ESA and the EME Contracts. Constellation advised Brown & Brown that it was in default under the ESA and the EME Contracts as a result of its failure to pay its bills on time and in full. Constellation demanded that Brown & Brown pay the past due amount within ten days of the date of the letter. Brown & Brown did not pay the outstanding amount or otherwise respond to Constellation's demand letter.

17. As of the date of the Complaint, Brown & Brown has failed to pay $2,065,029.02 for electricity and related services and energy efficiency equipment pursuant to the ESA and the EME Contracts.

    ii. *Direct Logistic Contract*

18. On or around June 21, 2023, Constellation and Direct Logistic executed the Customer Contract for EME Express Materials Program for its facility located at 4602 21st Street #1646, Long Island, NY 11101 (the "Direct Logistic Contract"). A true and correct copy of the Direct Logistic Contract is attached hereto as **Exhibit 5**. Pursuant to the Direct Logistic Contract,

Direct Logistic agreed to pay Constellation a total of $529,548.25 for the energy efficiency equipment in sixty monthly installments of $8,825.80.

19.     In accordance with the terms of the Direct Logistic Contract, Direct Logistic hired Contractor—i.e., Commonwealth Energy Group LLC—to supply and install the energy efficiency equipment at Direct Logistic's facility. On June 20, 2023, Direct Logistic and Contractor executed a contract for the purchase and installation of the energy efficiency equipment for Direct Logistic's facility.

20.     Upon completion of Contractor's work and installation of the energy efficiency equipment at Direct Logistic's facilities, Direct Logistic signed an Acceptance Notice Form, confirming Contractor's work and triggering Constellation to release its payment to Contractor and to invoice Direct Logistic for the same. Constellation paid Contractor a total of $395,834.00 for the supply and installation of the energy efficiency equipment pursuant to the Direct Logistic Contract.

21.     Constellation began invoicing Direct Logistic for the energy efficiency equipment sold and supplied to Direct Logistic pursuant to the Direct Logistic Contract. Direct Logistic never paid any invoices submitted by Constellation.

22.     On July 31, 2024, Constellation sent a final invoice to Direct Logistic for $529,548.00—the total amount due and owing for the energy efficiency equipment sold and supplied to Direct Logistic in accordance with the Direct Logistic Contract. Direct Logistic failed to pay the invoice.

23.     On November 8, 2024, Constellation (through its undersigned counsel) sent a demand letter to Direct Logistic for $529,548.00, the outstanding amount due under the Direct Logistic Contract. Constellation advised Direct Logistic that it was in default under the Direct

Logistic Contract as a result of its failure to pay its bills on time and in full. Constellation demanded that Direct Logistic pay the past due amount within ten days of the date of the letter. Direct Logistic did not pay the outstanding amount or otherwise respond to Constellation's demand letter.

24. As of the date of the Complaint, Direct Logistic has failed to pay $529,548.00 for the energy efficiency equipment pursuant to the Direct Logistic Contract.

## CAUSES OF ACTION

**A.   Cause of Action No. 1: Breaches of Contract by Brown & Brown**

25. Constellation repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

26. The ESA and the EME Contracts are valid and enforceable contracts between Constellation and Brown & Brown.

27. Constellation is a proper party to bring suit for breach of the ESA and the EME Contracts because it is a party to the contracts.

28. Constellation performed its contractual obligations pursuant to the ESA because it supplied Brown & Brown with its full requirements for electricity and provided related services to Brown & Brown. Constellation performed its obligations pursuant to the EME Contracts because it paid Contractor for the energy efficiency equipment that was supplied and installed at both Brown & Brown facilities. Constellation invoiced Brown & Brown for the electricity and related services and the energy efficiency equipment in accordance with the ESA and the EME Contracts.

29. The EME Contracts provide that Brown & Brown "shall pay the price for the EMEX-M Costs under this Contract in monthly installments" and that the "installment payment

charges may be included as a line item in Customer's monthly electricity supply invoices" from Constellation. The ESA provides that "[a]ll amounts charged are due in full within twenty (20) days of the invoice date". Section 3 of the Terms and Conditions of the ESA provides that Brown & Brown will be in default if it fails to pay its bills on time and in full.

30. Brown & Brown breached the ESA and the EME Contracts by failing to pay Constellation's invoices for electricity and related services and the costs of the energy efficiency equipment installed at the Brown & Brown facilities.

31. Brown & Brown's breach of the ESA and the EME Contracts has caused Constellation to suffer damages in an amount not less than $2,065,029.02.

**B.     Cause of Action No. 2: Breach of Contract by Direct Logistic**

32. Constellation repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

33. The Direct Logistic Contract is a valid and enforceable contract between Constellation and Direct Logistic.

34. Constellation is a proper party to bring suit for breach of the Direct Logistic Contract because it is a party to the contract.

35. Constellation performed its contractual obligations pursuant to the Direct Logistic Contract because it paid Contractor for the energy efficiency equipment that was supplied and installed at Direct Logistic's facility. Constellation invoiced Direct Logistic for the energy efficiency equipment in accordance with the Direct Logistic Contract.

36. The Direct Logistic Contract provides that Direct Logistic "shall pay the price for the EMEX-M Costs under this Contract in monthly installments" and that the "installment payment charges may be included as a line item in Customer's monthly electricity supply invoices" from Constellation.

37. Direct Logistic breached the Direct Logistic Contract by failing to pay Constellation's invoices for the costs of the energy efficiency equipment installed at the Direct Logistic's facility.

38. Direct Logistic's breach of the Direct Logistic Contract has caused Constellation to suffer damages in an amount not less than $529,548.00.

## ATTORNEYS' FEES

39. Constellation repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

40. As a result of the Defendants' actions and inactions, Constellation was compelled to retain the undersigned attorneys to file suit.

41. Constellation is entitled to recover its attorneys' fees pursuant to section 4 of the Terms and Conditions to the ESA. Specifically, section 4 provides that upon Brown & Brown's default under this contract with Constellation, they must compensate Constellation for "all costs (including attorneys' fees, expenses and court costs) [Constellation] incur[s] in collecting amounts [Brown & Brown] owes [Constellation] under this Agreement."

42. Constellation is also entitled to recover its attorneys' fees pursuant to the EME Contracts and the Direct Logistic Contract. Section 5(c) of the EME Contracts and the Direct Logistic Contract provides that "Customer agrees to pay all collection costs and expenses (including but not limited to reasonable attorneys' fees) related to Customer's failure to pay the EMEX-M Costs installment payments in full and on time."

43. Accordingly, Constellation seeks recovery of all attorneys' fees incurred as a result of Defendants' breach of the parties' written agreements.

**PREJUDGMENT AND POSTJUDGMENT INTEREST**

44. Constellation repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

45. Constellation is entitled to recover prejudgment and post-judgment interest in accordance with law and equity as part of its damages herein. The ESA provides that, if Brown & Brown fails to make payments by the due dates set forth in the invoice, "[Brown & Brown is] liable for late payment interest, which will accrue daily on outstanding amounts from the due date until the bill is paid in full at a rate of 1.50% per month or the highest rate permitted by law (whichever is less)." Exhibit 1, at p. 1.

46. Further, the EME Contracts and the Direct Logistic Contract provide that "[i]nvoices not paid on or before the Payment Date will accrue interest daily on outstanding amounts from the Payment Date until paid in full, at the lesser of 1.5% per month or the highest rate permitted by law." Exhibits 2-5, at section 5(a).

47. As such, Constellation sues for recovery of prejudgment and post-judgment interest at 1.50% per month or at the maximum amount allowed by law.

**PRAYER FOR RELIEF**

Plaintiff, Constellation NewEnergy, Inc., respectfully requests that this Court enter a judgment in its favor and against Defendants, Brown & Brown Group, Inc. and Direct Logistic Transportation LLC for:

a. actual damages;

b. prejudgment and post-judgment interest at the highest legal maximum rate;

c. attorneys' fees;

d. costs of court; and

  e. all such other and further relief, general or special, at law or in equity, to which Plaintiff may be entitled.

Dated: June 5, 2025

                Respectfully submitted,

                **FOLEY & LARDNER LLP**

                */s/ Jarren N. Ginsburg*
                Jarren N. Ginsburg
                D.Md. Bar No. 19688
                Washington Harbour
                3000 K Street, N.W., Suite 600
                Washington, D.C. 20007
                jginsburg@foley.com

                OF COUNSEL:
                *(pro hac vice application forthcoming)*
                Scott D. Ellis
                Katherine M. Harrington
                Rey Rodriguez IV
                1000 Louisiana Street, Suite 2000
                Houston, Texas 77002
                Telephone: (713) 276-5615
                Facsimile:
                sellis@foley.com
                kharrington@foley.com
                rey.rodriguez@foley.com

                **ATTORNEYS FOR PLAINTIFF**
                **CONSTELLATION NEWENERGY, INC.**